**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4652**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

         v.

OLWIN LEDLY BROWN, JR.,

                  Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00065-TDS-2)

Submitted:  December 19, 2017                    Decided:  February 20, 2018

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olwin Ledly Brown, Jr., pled guilty, pursuant to a plea agreement, to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1028A (2012). The district court sentenced Brown to 65 months' imprisonment, within his advisory Sentencing Guidelines range. The court also imposed a three-year term of supervised release for the bank fraud conviction and a concurrent one-year term of supervised release for the aggravated identity theft conviction and ordered that the terms run consecutively to the term of supervised release previously imposed by another district court.

Counsel filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the court complied with Fed. R. Crim. P. 11 in accepting Brown's plea and whether Brown's sentence is reasonable. Brown was advised of his right to file a supplemental brief, but he did not do so. We asked the parties to file supplemental briefs addressing whether the court plainly erred in ordering Brown's terms of supervised release to run consecutively to the previously imposed term of supervised release. *See* 18 U.S.C. § 3624(e) (2012). The Government agreed that the court plainly erred and filed an unopposed motion to remand for resentencing on the terms of supervised release. We granted the motion, vacated the portion of the court's judgment ordering consecutive terms of supervised release, and remanded for resentencing. We retained jurisdiction over the appeal. On remand, the district court amended the judgment to order that the terms of supervised release run

2

concurrent to each other but consecutive to the previously imposed term of supervised release. The case has now returned to us for further consideration.

Because Brown did not move in the district court to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). Prior to accepting a plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charges to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the court must ensure that the defendant's plea was supported by an independent factual basis, was voluntary, and did not result from force, threats, or promises of a lenient sentence. Fed. R. Crim. P. 11(b)(2)-(3). After reviewing the guilty plea transcript, we conclude that the district court substantially complied with Rule 11 in accepting the plea and that any omissions did not affect Brown's substantial rights.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Berry*, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. Only after determining that a

3

sentence is procedurally reasonable will we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted). Apart from the supervised release terms, which have now been corrected, our review of the sentencing transcript revealed no procedural or substantive sentencing errors.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's second amended judgment.[*] This court requires that counsel inform Brown, in writing, of his right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The court amended the judgment once prior to our remand to correct a clerical error. *See* Fed. R. Crim. P. 36.

4